CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: PART 34C

Index No. **CV-15865-08**
Mot. No. _____ Cal No. _____
Papers Submitted on **5/17/2017**

------------------------------------------------

Discover Bank,

                              Plaintiff(s),

          -against-

James B. Gartly AKA James Darcey,
                              Defendant(s).

------------------------------------------------

**DECISION AND ORDER**

Recitation as required by CPLR 2219(a) of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion & Affts. | _____ |
| Order to Show Cause | 1 |
| Opposition & Affidavits | 2 |
| Supplemental Affidavit | 3 |
| Exhibits | _____ |
| Reply to Supp. Aff. | _____ |

Upon the foregoing papers it is ordered that the Motion is decided as follows:

By Order to Show Cause, defendant, James B. Gartly, moves to vacate a default judgment, lift restraints, and dismiss or restore the action as appropriate. Defendant argues that he did not receive the summons and complaint in this action, that the amount of the debt is incorrect, and that he only became aware of this action in March 2017 when he received notice of income execution.

In opposition, plaintiff argues defendant was properly served and submits an affidavit of service indicating that defendant was served on February 14, 2008 at 2536 22nd St. Apt. 1B Astoria, NY pursuant to CPLR 308(4) "nail and mail" service after the process server made prior efforts to effect personal service upon defendant. The process server further avers that an anonymous neighbor confirmed this address as that of defendant and that service was completed on February 15, 2008 when a copy of the summons and complaint was mailed to defendant at the same address, identified as defendant's dwelling house. Plaintiff further argues that a notice of entry of judgment was served on defendant in May 2008 by mailing such notice to the address on the affidavit of service and that defendant fails to set forth a meritorious defense to the action.

An affidavit of service of a process server constitutes prima facie evidence of proper service (See, Remington Investments v Saul Seiden, 240 AD 2d 647 [2nd Dept. 1997]) and a sworn denial of service by a defendant will rebut the presumption of proper service where it refutes factual allegations in the process server's affidavit or presents a question of fact. (Silverman v. Deutsch, 283 AD2d 478, 724 N.Y.S.2d 647 (2d Dept. 2001); European Am. Bank v. Abramoff, 201 AD2d 611, 608 N.Y.S.2d 233 (2d Dept. 1994). Once service has been properly controverted, the court must direct a hearing on the factual issue raised (Friedman v. Ramlal, 282 A.D.2d 499 [2nd Dept 1996]; OCI Mortg. Corp. v. Omar, 232 A.D.2d 462 [2nd Dept 1996]).

Defendant submitted a Supplemental Affidavit in support of his Order to Show Cause averring that he moved from the address on the affidavit of service in 2003 and

1

did not reside there since that time.  In support of his papers defendant submits a certified copy of a New York State Department of Motor Vehicles document entitled "License System" and a copy of defendant's federal tax return for tax years 2007 and 2008 none of which indicate that defendant resided at the service address.

Based on this record the court finds that defendant has sufficiently controverted service and a traverse hearing is warranted.

Accordingly, defendant's motion is granted only to the extent of setting this matter down for a traverse hearing and a final disposition of the motion.  All parties are directed to appear and be prepared for a traverse hearing on Thursday, July 20, 2017 in New York City Civil Court, Queens County, 89-17 Sutphin Blvd., Jamaica, New York, Room 102, Part 39C at 9:30 A.M.

This constitutes the Decision and Order of the Court.

Dated: June 26, 2017

Laurentina McKetney Butler
Judge, Civil Court